156 N.J. Super. 172 (1978)
383 A.2d 732
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
PETER KIRCHDOERFFER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1977.
Decided January 9, 1978.
*173 Before Judges LORA, SEIDMAN and MILMED.
Ms. Zulima V. Farber, Assistant Prosecutor, argued the cause for appellant (Mr. Roger W. Breslin, Jr., Bergen County Prosecutor, attorney).
Mr. Robert R. Guida argued the cause for respondent (Messrs. Wexler and Guida, attorneys).
PER CURIAM.
Defendant, 18 years old and without a prior criminal or juvenile record, was charged with the robbery of a shoe store in Carlstadt while armed with an air pistol. He applied for admittance into the Bergen County Pre-Trial Intervention Program. His application was denied *174 by the program director "due to opposition by [the county] Prosecutor's Office." He sought to have that decision overruled and applied for an order admitting him into the PTI program. The assignment judge for the county denied the motion. R. 3:28(a). Thereafter, the county grand jury returned an indictment charging him with the armed robbery.
Following the decision of the Supreme Court in State v. Leonardis, 71 N.J. 85 (1976) (Leonardis I), defendant sought and obtained an extension of time within which to reapply for admittance into the PTI Program. His new application was rejected because the offense charged had been "deliberately committed with violence or threat of violence against another person." Contesting the second rejection, defendant again moved for enrollment into the PTI program. On May 17, 1977, following a hearing on the motion, the assignment judge, referring to PTI Guideline 2, wrote to counsel for defendant informing him that he found that "it was unreasonable to have denied Mr. Kirchdoerfer admission into the Pretrial Intervention Program," and, pursuant to Guideline 1, subparts (a), (b), (d) and (e), concluded that
* * * the rehabilitative services offered by the Program can reasonably be expected to deter future criminal behavior by Mr. Kirchdoerfer and that he should therefore be admitted into the program.
The preamble to the May 25, 1977 order granting defendant's motion for enrollment in the program sets forth a finding by the court that the rejection of defendant "was arbitrary and capricious." See PTI guidelines 2 and 8.
On May 31, 1977 the Supreme Court filed its opinion in State v. Leonardis, 73 N.J. 360 (1977) (Leonardis II), holding (at 381) that the scope of judicial review in pretrial intervention matters "should be limited"; that "the decision should lie, in the first instance, with the program director and prosecutor"; that "great deference should be *175 given to the prosecutor's determination not to consent to diversion," and that
Except where there is such a showing of patent and gross abuse of discretion by the prosecutor, the designated judge is authorized under R. 3:28 to postpone proceedings against a defendant only where the defendant has been recommended for the program by the program director and with the consent of the prosecutor. R. 3:28(b). By emphasizing prosecutorial discretion we ensure that PTI will fulfill one of the motivating forces behind the program: the "need for prosecutorial options to augment those traditionally exercised by law enforcement authorities." [71 N.J. at 93]
The court made it clear that Pretrial Intervention Guideline 8[1] should be read in pari materia with Guideline 2[2] and Guideline 3(i)[3] and that
* * * these guidelines should be interpreted to require that the defendant clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of his discretion.

* * * that Guideline 3(i) provides that any defendant charged with a crime is eligible for enrollment in a PTI program. In other words, every defendant is entitled to consideration. However, the prosecutor's refusal to consent or the court's denial of a diversion order may, where appropriate, be based solely on the nature of the offense charged. [73 N.J. at 382, emphasis supplied]
*176 We granted the State's motion for leave to appeal from the May 25 order and asked for supplemental briefs to be filed addressed to the standards set forth in Leonardis II.
"Under the general rule that the status of the law in effect at the time of the disposition of a cause by an appellate court governs," S & L Associates, Inc. v. Washington Tp., 35 N.J. 224, 227 (1961), the clarified standards governing judicial review of PTI matters, as announced in Leonardis II, supra, should be applied in determining defendant's motion for enrollment into the Bergen County Pretrial Intervention Program.
On the record before us we cannot discern what disposition would have been made by the assignment judge had he applied the Leonardis II standards rather than the Leonardis I criteria. Thus, in keeping with Leonardis II, the assignment judge should determine whether in the totality of the circumstances presented in this case: (1) the prosecutor's refusal to consent, based solely on the nature of the offense charged, was appropriate; and (2) the prosecutor's refusal was based on a patent and gross abuse of his discretion.
The May 25, 1977 order under review is reversed. The matter is remanded to the assignment judge for Bergen County for further consideration, findings and determination, consistent with this opinion, applying the Leonardis II standards quoted herein. The reasons supporting his decision are to be set forth in full on the record. R. 3:29. We do not retain jurisdiction.
NOTES
[1] If a defendant challenges the decision of a program director not to recommend enrollment or of a prosecutor refusing to consent to enrollment into a PTI program, the challenge "is to be based upon alleged arbitrary or capricious action and the defendant has the burden of showing that the program director or prosecutor abused his discretion in processing the application."
[2] Defendant must show "compelling reasons justifying his admission, and [establish] that a decision against enrollment would be arbitrary and unreasonable."
[3] Which directs that

* * * where admission to a PTI program would deprecate the seriousness of defendant's crime, the defendant's application should generally be rejected. However, in such cases, the applicant shall have the opportunity to present to the program director, and through him to the prosecutor, any facts or materials demonstrating his amenability to the rehabilitative process, showing compelling reasons justifying his admission and establishing that a decision against enrollment would be arbitrary and unreasonable.