STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MARIA VAZQUEZ, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 26, 1986—Decided December 11, 1986.

Before Judges DREIER and SHEBELL.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*Carl I. Johnson,* designated counsel, of counsel and on the letter brief).

*W. Cary Edwards,* Attorney General, attorney for respondent (*Abbie P. Maliniak,* Deputy Attorney General, of counsel and on the letter brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

Appellant, Maria Vazquez, was indicted for theft by deception of over $500 based on alleged welfare fraud (*N.J.S.A.* 2C:20–4). She entered a plea of not guilty and applied for pretrial intervention. Following receipt of a notice of rejection, she appealed to the designated pretrial intervention judge and submitted a letter brief in support of her appeal. In the brief it was stated: "[D]efendant requests that she be permitted to appear before the Court and argue this motion." The State in its reply brief asserted: "[I]t is the State's position that oral argument is unnecessary in the above matter." The Law Division affirmed the rejection of defendant's application for PTI without allowing oral argument.

Thereafter, defendant entered a guilty plea to the indictment and was sentenced to five years probation upon the condition that she make restitution in the sum of $4,084.38 and also execute a consent judgment in that amount based on fraud in favor of the Board.

In this appeal, appellant asserts:

*Point* I.  Defendant should be admitted to the Union County Pretrial Intervention Program.

*Point* II.  Defendant has a right to oral argument at a Pretrial Intervention Program hearing.  (U.S. Constitution—5th Amendment, N.J. Constitution—Article 1 ¶ 1) (Not raised below).

The designated judge on the appeal below informed counsel of his decision using a form letter which stated:

The court, having reviewed the documents concerning the appeal of the rejection of the above named defendant and, after giving due consideration to briefs filed by all parties, denies the appeal.  Therefore, the rejection is affirmed.

It is the obligation of the court under *R.* 3:29 to "place on the record the reasons supporting its decision ... on an application for diversion, ... or other disposition of a criminal matter." *See State v. Kirchdoerffer,* 156 *N.J.Super.* 172, 176 (App.Div. 1978).  Here, we have no basis upon which to review whether the designated judge properly considered and evaluated defendant's contentions under the appropriate standards governing judicial review of PTI matters as originally announced in *State v. Leonardis,* 73 *N.J.* 360, 381–383 (1977).

Our Supreme Court has promulgated Guidelines for operation of Pretrial Intervention pursuant to *R.* 3:28.  Under Guideline 8 it is stated:

The decision of the program director or prosecutor may be challenged *at a hearing* on defendant's motion before the designated judge (or Assignment Judge) and, thereafter, defendant or prosecutor can seek leave to appeal from the court's decision denying or permitting enrollment.  [(emphasis ours)].

It is clear that this Guideline contemplates, at a minimum, the granting of oral argument when requested either by defense counsel or the prosecutor.  In light of this provision in the Pretrial Intervention Guidelines we find no reason to pass upon the constitutional arguments raised by appellant.

We reverse and remand to the Law Division for oral argument and for further consideration, findings and determinations consistent with this opinion.  The reasons supporting the decision of the Law Division are to be set forth in full on the record pursuant to *R.* 3:29.  We do not retain jurisdiction.