STATE OF NEW JERSEY, PLAINTIFF, v. T.A.B., DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided August 29, 1988.

*Donna M. Spinosi* for plaintiff State (*Samuel Asbell,* Prosecutor of Camden County, attorney).

*R. Alan Aslaksen* for defendant.

HAINES, A.J.S.C.

T.A.B. is charged with aggravated assault, the conceded product of a sudden emotional disorder. He has applied for admission to the Burlington County pretrial intervention program (PTI). While the PTI director approved his application, the Camden County Prosecutor (participating because the matter has been transferred to Burlington County) did not. He was therefore refused admission. His refusal was appealed here. This court, for reasons set forth in an oral opinion briefly supplemented here, has overruled the prosecutor's objections and ordered T.A.B.'s admission to the program. Questions concerning the length of T.A.B.'s program and the retroactivity of a June 28, 1988 amendment to the PTI statute were reserved and are resolved by this opinion.

The prosecutor's objection was premised solely upon her insistence that T.A.B. be subjected to some kind of supervision for at least two years to make sure that his emotional outburst will not occur again or, if it does, that he will have professional assistance in dealing with it. T.A.B. objects to a two-year program, arguing that a six-month term is sufficient. Both court rule and statute, as they existed at the time T.A.B.'s offense was committed, limited PTI programs to one year. *R.* 3:28; *N.J.S.A.* 2C:43–13c. The prosecutor's demand for a two-year program of supervision is obtainable only through the criminal justice system unless the amendment to the PTI statute applies. If it does, the prosecutor is amenable to the PTI admission, provided a two-year program is imposed.

■ The June 28, 1988 amendment to the PTI statute, *N.J.S. A.* 2C:43–13c, extended PTI programs to a maximum period of three years. It provided:

> Supervisory treatment may be for such period, as determined by the designated judge or the assignment judge, not to exceed three years, provided, however, that the period of supervisory treatment may be shortened or terminated as the program director may determine with the consent of the prosecutor and the approval of the court.

The question is whether the amendment is applicable retroactively. This court holds that it is, insofar as the three-year provision is concerned.

Usually, statutes are given prospective application. *State v. Hughes*, 199 *N.J.Super.* 173, 179 (App.Div.1985). The opposite is true if the statute is ameliorative, *i.e.*, lessens the harshness of prior legislation. *Kendall v. Snedeker*, 219 *N.J.Super.* 283 (App.Div.1987). It is difficult to determine whether permission to extend a PTI term from one year to three years is, or is not, ameliorative. When it accommodates a PTI admission not otherwise available to one accused of criminal activity, it may be called ameliorative. However, when, as here, a prospective PTI admittee is opposed to a lengthy PTI term, it may be the opposite. The history of the June 28, 1988 amendment provides no clue to legislative intent. Normally, the prospective rule

would apply. That rule, however, has an exception: the "time of decision rule."

Appellate courts apply the law in effect at the time of decision. *State v. Lawn King, Inc.,* 169 *N.J.Super.* 346, 353 (App.Div.1979). The rule has been applied in a PTI setting: *State v. Kirchdoerffer,* 156 *N.J.Super.* 172 (App.Div.1978), held that PTI review standards established by a New Jersey Supreme Court decision after Kirchdoerffer's offense occurred were nevertheless applicable to him. The same rule applies here. T.A.B. has appealed his PTI rejection to this court which is bound by the "time of decision" rule.

■ It should be noted that the court rule, *R.*3:28, has not been amended and continues to limit PTI programs to one year, thus contradicting the statute. The potential for such conflicts was anticipated by our Supreme Court. It said, in *State v. Leonardis,* 73 *N.J.* 360 (1977):

> Thus, we conclude that an absolute prohibition against rules which merely affect substantive rights or liabilities, however slight such effect may be, would seriously cripple the authority and concomitant responsibility which have been given to the Court by the Constitution. However, this should not be taken as a departure from the long standing rule that the Court is not to invade the Legislature's domain by "mak[ing] substantive law wholesale through the exercise of the rule-making power." Nor is this to be taken as an indication of the Court's authority to upset existing legislative enactments which are substantive in scope. While we have interpreted Art. VI, par. 3 to give the Court exclusive and plenary power over rules which are procedural in nature, nothing which we have said today should foreclose the Legislature from enacting measures affecting the substantive aspects of PTI. It is not our desire to inhibit legislative action in this sphere; on the contrary, we welcome it. [at 374–375; citations omitted]

Further recognition of the legislative role in PTI matters appears in *State v. Collins,* 90 *N.J.* 449 (1982), in which the Court said: "The Legislature's treatment of pretrial intervention in *N.J.S.A.* 2C:43–12 *et seq.* is all-encompassing, seeming to respond to this Court's invitation to occupy the field," citing *Leonardis,* 73 *N.J.* at 452. The import of these decisions and the obvious substantive aspect of the statutory provision extending the PTI term to a maximum of three years make it

clear that the legislative provision controls the court rule and is the effective provision in this case.

That conclusion, however, does not entirely satisfy the prosecutor who demands a two-year PTI program for T.A.B. My review of the three experts' opinions submitted by the parties, and the factual background on which they are based, require my rejection of the prosecutor's position.

One expert (T.A.B.'s own psychiatrist, Dr. Ciccone, whose opinion, according to his report, is based upon

... a review of two hospitalization discharge summaries, an independent psychiatric evaluation which took place in November, 1987, the statements of eyewitnesses to the incident of April 6, 1987, and at least twelve personal meetings including psychiatric assessments and psychotherapy with T.A.B. in the past year)

is of the opinion that no supervision is necessary, that T.A.B. "is not a danger to himself or to anyone now or in the future."

The other two experts, Dr. Weiss and Dr. Chamberlain, were selected by the prosecutor. Each of them saw T.A.B. only once. Dr. Weiss assumed that criminal proceedings would continue and recommended psychiatric reviews every six months for a minimum of two years, pursuant to *State v. Krol*, 68 *N.J.* 236 (1975). However, he also said:

I do not have any records from Dr. Ciccone indicating his opinion as to the nature of the treatment, the prognosis, or the need for further care. Dr. Ciccone would be in the best position to offer you such an opinion.

Dr. Chamberlain, who relied in part on Dr. Ciccone's opinion, recommended periodic monitoring (which PTI can provide) without specifying time. He also said:

At this time he [T.A.B.] does not pose a danger to himself or others and can safely be treated within the community.

It is apparent that the prosecutor has selected the single severe recommendation of one of the three experts, that of Dr. Weiss, based on the assumption that criminal proceedings will continue, while ignoring the opinions of the other experts, particularly Dr. Ciccone's. She has done so notwithstanding Dr. Weiss's advice to her that "Dr. Ciccone would be in the best position" to offer an opinion on the need for further care.

T.A.B. is an ideal PTI candidate. He satisfies every one of the 17 criteria for admission (delineated in the court's bench opinion) to the program. His admission has been approved by the PTI director whose insights must be weighed more heavily than the prosecutor's because the latter has had no opportunity to interview T.A.B. while the former has. The inescapable conclusion is that the prosecutor, in insisting upon a two year PTI program, is ignoring the predominant opinions of the experts and doing so without valid reasons. This is arbitrary and therefore unacceptable action.

It is my conclusion, based on the material I have reviewed, that T.A.B.'s admission to the program for an initial period of six months is appropriate. During the fifth month, he shall obtain a new report from a psychiatrist of his choosing and, in the discretion of the PTI director, a second report from a psychiatrist selected by the director. At the end of the six months, the PTI program shall not be extended unless the director, on the basis of the psychiatric report or reports, decides that such an extension is required and obtains this court's approval after submitting his recommendation to the prosecutor for her consent or rejection.