# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3959-18T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

MARJORIE D. DALEY,

    Defendant-Respondent.

_____

Submitted November 6, 2019 – Decided December 2, 2019

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 18-12-1045.

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for appellant (Kim Latonya Barfield, Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Michael A. Ortiz, Jr., Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals an order admitting defendant Marjorie D. Daley into the pretrial intervention (PTI) program over the prosecutor's objection. The State contends the motion judge erred in the first instance by remanding defendant's application for the prosecutor's reconsideration. The State further contends the judge compounded that error by finding the prosecutor's decision rejecting defendant from PTI constituted a patent and gross abuse of discretion. We agree with both contentions. Accordingly, we reverse and remand for further proceedings on the indictment.

## I.

The facts leading to the prosecutor's denial of defendant's PTI application are straightforward and set forth in the prosecutor's initial denial letter. Employed part-time by a private facility, defendant provided in-home care to N.L. (Nancy),[1] a ninety-year-old woman, who lived alone and suffered from dementia. During a visit, Nancy's son, C.L. (Carl), discovered Nancy no longer had telephone service and had accumulated unpaid bills.

Following a review of Nancy's bank statements, Carl determined the funds in her account had decreased by more than $20,000 in one year. That amount

_____

[1] We use initials and pseudonyms to protect the privacy of the alleged victim and her son.

A-3959-18T2

included payments of $1,300 for groceries in one month. Carl also discovered "several transactions made through [Nancy]'s account to defendant personally and her daughters for about $700." Carl found "checks written to pay defendant's Verizon Wireless and Comcast bills." Seventy-five checks were missing from Nancy's checkbook.

Those transactions resulted in a Cumberland County indictment, charging defendant with third-degree theft, N.J.S.A. 2C:20-3(a), over a three-month period in 2018. The prosecutor rejected defendant's ensuing application into the PTI program. In a memorandum addressed to the criminal division manager,[2] the prosecutor found five of the seventeen nonexclusive criteria set forth in N.J.S.A. 2C:43-12(e) were relevant to her decision: the "nature of the offense" (factor one); the "facts of the case" (factor two); the "needs and interests of the victim and society" (factor seven); the "crime is of such a nature that the value of supervisory treatment is outweighed by the public need for prosecution" (factor fourteen); and the "harm done to society by abandoning criminal prosecution outweighs the benefits to society by channeling an offender into a supervisory treatment program" (factor seventeen).

---

[2] The parties have not included the criminal division manager's recommendation in the record on appeal. See R. 3:28-3(d); N.J.S.A. 2C:43-12(c).

A-3959-18T2

The prosecutor detailed her reasons for factors one, two and seventeen. Regarding factor one, the prosecutor found the nature of the offense was grounded in "a classic scheme to take advantage of an extremely vulnerable individual who defendant knew would be easy to exploit. The victim in this matter was [ninety] years of age. She was in compromised health and in need of care" from defendant, who provided that care five days per week. As to factor two, the prosecutor recounted at length the facts of the case, which we summarized above.

Turning to factor seventeen, the prosecutor stated, in full:

> The victim in this matter is . . . [ninety] years old suffering with [d]ementia. Defendant used her special position as a healthcare worker providing services within the patient's home to exploit the victim for financial gain because she was not under direct supervision while at the home. This [is] the type of crime where the public need for prosecution and deterrence of defendant and others outweighs the value of supervisory treatment (diversion) through the PTI program. I respectfully submit that defendant should never be in a position to exploit someone in this manner again.

Defendant appealed the denial of her PTI application. She argued the prosecutor failed to give "enough of a basis or consider[] enough of the factors" to justify her decision. Citing her remorse and lack of criminal record, defendant contended she should have been placed into the PTI program. Notably,

4

however, defendant seemingly minimized her conduct. Defendant shifted at least some blame onto Nancy's nephew, contending he took some money from Nancy. Defendant also claimed Carl overstated Nancy's ailment; and the checks Nancy issued to her were not honored by the bank.

Recognizing defendant's lack of any criminal history was a statutory requirement for the PTI program, the motion judge was unpersuaded that the prosecutor "grossly and patently abused [her] discretion." Addressing defense counsel, the judge explained:

> I didn't see anything . . . at all indicating why [defendant] would be a particularly good candidate, other than the fact that she's [fifty-four years old] and would lose employment.
>
> I didn't see anything else [regarding] . . . what makes her stand out as somebody who . . . deserves admission into the PTI program over the objection of the State.
>
> . . . .
>
> I'm looking for special circumstances that you can articulate, as to why the State . . . abus[ed] [its] power here and something that will allow me to override that abuse of discretion, if you believe it exists.
>
> . . . .
>
> But I want you at least to provide the [p]rosecutor with some additional documentation so the [p]rosecutor can consider . . . on an individual basis why she believes

5

> your client should or should not be admitted into the program.
>
> . . . .
>
> In other words, if I had to rule at this point in time, I'd probably affirm the [p]rosecutor's decision because I don't see enough before me to establish that [she] grossly and patently abused [her] discretion. It's not here.

Although unpersuaded by defendant's arguments, the judge nevertheless remanded the matter to the prosecutor for further consideration.[3]

Following remand, defendant submitted numerous letters supporting her admission into the PTI program from friends and clergy. Defendant provided her own letter reiterating her remorse. Defendant also urged the prosecutor to reconsider defendant's admission because her full-time State job of twenty-three-years hung in the balance pending her acceptance into the PTI program. Apparently, defendant no longer worked part-time for the facility that provided care to Nancy.[4]

---

[3]  There is no indication in the record that the judge issued an order accompanying his decision.

[4] On appeal, defendant claims a public official in the same county was admitted into PTI, even though the official had been accused of embezzling more than $22,000. It is not clear from the record whether that information was presented to the prosecutor. Unlike defendant here, however, that official apparently
(continued)

Consideration of defendant's supplemental documents did not alter the prosecutor's decision to again reject defendant's application, "for the reasons set forth in [her] initial rejection." The prosecutor elaborated:

> While the letters submitted on . . . defendant's behalf point toward her amenability to rehabilitation, I continue to be of the opinion that the public need for prosecution and the harm done by abandoning prosecution outweigh her amenability to rehabilitation. As stated previously, . . . defendant took advantage of a vulnerable individual. The public needs to be warned against permitting . . . defendant to be in a position to do so again. Pursuing a criminal conviction will do just that.

After hearing argument, the judge issued an oral decision, finding the prosecutor "patently and grossly abused her discretion[,]" and admitted defendant into the PTI program over the prosecutor's objection. The judge was persuaded by defendant's long-term employment, finding the present matter was "a one-time blemish on [defendant]'s life." Because a conviction would "adversely [a]ffect her life" the judge concluded rejection from the PTI program would significantly affect her employability.

Without specifically citing the statutory criteria set forth in N.J.S.A. 2C:43-12(e), the judge determined certain factors were absent here:

---

forfeited her present and future public employment. Defendant's motivation in seeking acceptance into PTI seems directly related to keeping her State job.

7

the offense was not "part of a continuing pattern of anti-social behavior" (factor eight); defendant lacked a criminal record (factor nine); the offense was not violent or assaultive in nature (factor ten); defendant had no "history of physical violence toward others" (factor twelve); defendant was not involved in organized crime (factor thirteen); and no one else was charged, so defendant's "participation in pretrial intervention [would not] adversely affect the prosecution of codefendants" (factor sixteen).

Following the hearing, the judge entered the order under review. Among other things, the judge required defendant to pay restitution to the victim in excess of $11,900. Because the theft did not occur "during the course and scope" of defendant's public employment, and that employment was necessary for her to pay restitution, the judge did not require defendant to forfeit her State job. This appeal followed.

## II.

We begin our analysis by recognizing the scope of judicial review of the prosecutor's rejection of PTI is "severely limited." State v. Negran, 178 N.J. 73, 82 (2003). Deciding whether to permit diversion to PTI "is a quintessentially prosecutorial function." State v. Wallace, 146 N.J. 576, 582 (1996). "Prosecutorial discretion in this context is critical for two reasons. First, because

it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options." State v. Nwobu, 139 N.J. 236, 246 (1995) (citation omitted). Accordingly, courts give prosecutors "broad discretion" in determining whether to divert a defendant into PTI. State v. K.S., 220 N.J. 190, 199 (2015).

"In order to overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion.'" State v. Nicholson, 451 N.J. Super. 534, 553 (App. Div. 2017) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)). "A patent and gross abuse of discretion is defined as a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.'" Watkins, 193 N.J. at 520 (quoting Wallace, 146 N.J. at 582-83).

When a defendant has not met that high standard, but has demonstrated an abuse of discretion, a remand is appropriate. See Wallace, 146 N.J. at 583. An abuse of discretion is manifested where it can be proven "that the [PTI] denial '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a

clear error in judgment . . . .'" State v. Lee, 437 N.J. Super. 555, 563 (2014) (quoting State v. Bender, 80 N.J. 84, 93 (1979)).

Accordingly, if a "reviewing court determines that the 'prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross abuse of discretion,' the reviewing court may remand to the prosecutor for further consideration." K.S., 220 N.J. at 200 (quoting State v. Dalglish, 86 N.J. 503, 509 (1981)). Thus, if a prosecutor does not consider factors that should be considered, or considers factors that should not be considered, a remand is appropriate. Ibid. "A remand to the prosecutor affords an opportunity to apply the standards set forth by the court 'without supplanting the prosecutor's primacy in determining whether [PTI] is appropriate in individual cases.'" Ibid. (quoting Dalglish, 86 N.J. at 514). As the Court explained, this middle-ground preserves the opportunity for the exercise of the prosecutor's discretion, while assuring that the PTI standards are properly employed. Ibid.

"We must apply the same standard as the trial court." State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015). We review the "judge's reversal of the prosecutor's decision de novo." Ibid.

A-3959-18T2

Guided by those standards, we conclude the judge erred in ordering defendant's admission into the PTI Program over the prosecutor's objection. We agree with the State that the judge did not find the prosecutor's initial rejection of defendant's PTI application to be an abuse of her discretion. Nonetheless, the judge improperly remanded the matter, permitting defendant to submit "something that w[ould] allow [the judge] to override that abuse of discretion, if [defendant] believe[d] it exist[ed]." (Emphasis added).

Notwithstanding defendant's second chance to convince the prosecutor to admit defendant into PTI, she failed to demonstrate the prosecutor's decision was not based on a thorough consideration of all appropriate factors and constituted a gross and patent abuse of discretion. The prosecutor not only gave significant emphasis to the circumstances of the offense, including defendant's deliberate theft from a vulnerable victim who placed much trust in defendant's honesty, but also considered defendant's individual characteristics. The prosecutor considered mitigating factors personal to defendant and acknowledged "the letters submitted on . . . defendant's behalf point[ed] toward her amenability to rehabilitation . . . ." Against those mitigating factors, the prosecutor considered defendant's exploitation of a vulnerable victim through the "special position" of trust attendant to her home healthcare position. The

prosecutor determined that such a serious crime warranted a meaningful non-diversional outcome.

The motion judge erred by interjecting himself into the process of weighing applicable factors pertinent to the PTI application submitted by defendant. The judge predicated his decision upon his own assessment of the PTI factors, rather than determining whether the prosecutor failed to consider all relevant factors, considered inappropriate factors or clearly erred in judgment. He compounded his error by then opining that defendant was not "part of any ongoing or continuing pattern of criminal or antisocial behavior," even though the indictment alleged the theft occurred over the course of three months. While reasonable minds could differ in analyzing and balancing the applicable factors in this case, judicial disagreement with a prosecutor's reasons for rejection does not equate to prosecutorial abuse of discretion so as to merit judicial override. State v. DeMarco, 107 N.J. 562, 566-67 (1987). In this instance, the motion judge improperly substituted his own discretion for that of the prosecutor.

We are convinced from our review of the record that the prosecutor considered, weighed, and balanced all of the requisite factors, including those personal to defendant, and the facts and circumstances of the offense. Her

12

rejection of defendant's PTI application did not constitute a patent and gross abuse of discretion.  We therefore vacate the order entering defendant into the PTI program, and remand for further proceedings on the indictment.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3959-18T2