**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1120-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JHOAN S. CORTES-ROA,
a/k/a JHOAN CORTES,

     Defendant-Appellant.

_____

Submitted December 15, 2025 – Decided February 11, 2026

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 22-11-1089.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Mark Musella, Bergan County Prosecutor, attorney for respondent (Deepa S. Jacobs, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jhoan S. Cortes-Roa appeals from a Law Division order denying his motion for admission into the Pretrial Intervention ("PTI") program previously rejected by the Bergen County Prosecutor's Office ("BCPO"). Defendant contends the court's order and decision failed to consider all relevant statutory factors and reliable information, constituting a patent and gross abuse of discretion and the trial court's order denying his admission was error. We affirm.

I.

We limit our recitation of the facts to those relevant to this appeal. In 2022, the Fort Lee Police Department was investigating a series of thefts targeting elderly bank customers. In August of that year, while conducting surveillance, officers observed a blue Ford Edge, driven by defendant, stop near several banks. Three co-defendants were identified as passengers in the vehicle. The co-defendants were observed exiting the vehicle and splitting up, walking toward different banks while defendant remained in the vehicle, as a lookout and facilitator.

Officers saw the group canvassing the general vicinity of the banks and observed a pattern of behavior including nervously checking their surroundings and approaching several potential victims; including the forty-year-old female

A-1120-24

victim who declined their interaction after leaving the bank and central to the immediate incident. Police further noticed one co-defendant jogging toward a vehicle operated by the victim and crouching by the rear passenger tire holding a sharp object. While the victim was engaged in an ATM transaction, a co-defendant hiding behind her vehicle slashed her tires.

After this incident, the co-defendants regrouped and entered into defendant's vehicle, which drove away and was stopped by police nearby. During the stop and subsequent search, officers discovered two hollow metal spikes—commonly used to puncture car tires—a window punch device, screwdrivers, thumbtacks, a pocketknife, multiple cell phones, a Georgia temporary license tag and tension pins. Police described these items as typical burglary tools. Further investigation indicated that the license plate affixed to the vehicle did not match its registration.

The investigation led the police and prosecutors to conclude the group acted in concert to facilitate thefts by means of diversionary tactics, wherein vehicles or other property belonging to primarily elderly victims, would be damaged to distract them, creating opportunities for theft.

Defendant was charged with third-degree attempted burglary of a motor vehicle, N.J.S.A. 2C:5-1(a)(3) and N.J.S.A. 2C:18-2(a)(1). However, there was

A-1120-24

no direct evidence in the indictment or discovery of a broader conspiracy beyond the events of the August 2022 incident involving defendant.

On December 11, 2022, defendant applied for admission to the PTI program. The BCPO denied this request in a letter citing several statutory factors supporting its decision. Separately, on January 10, 2023, the Criminal Division Manager/PTI Officer issued an independent letter denying the PTI application.

Thereafter, defendant moved before the Law Division to be admitted into PTI requesting it to overturn the Prosecutor's rejection. The State opposed, reiterating its previous rationale in its letter of rejection. The trial court heard oral argument and denied the appeal, finding no patent and gross abuse of discretion in the prosecutor's decision. After the denial, defendant entered a guilty plea to fourth-degree attempted criminal mischief, N.J.S.A. 2C:17-3(a)(2), in exchange for probation and the dismissal of his related criminal charges and motor vehicle violations. This appeal followed.

On appeal, defendant asserts:

POINT I

THE PROSECUTOR'S DENIAL OF PTI WAS A PATENT AND GROSS ABUSE OF DISCRETION; THEREFORE, THE MATTER SHOULD BE REMANDED TO THE TRIAL COURT WITH

4

INSTRUCTIONS TO ADMIT DEFENDANT INTO
PTI OVER THE PROSECUTOR'S OBJECTION.

II.

We begin by setting forth the principles which guide our analysis. Our Supreme Court has stressed that PTI decisions are a "quintessentially prosecutorial function." State v. Wallace, 146 N.J. 576, 582 (1996). Accordingly, judicial review of a prosecutor's denial of a PTI application is "severely limited" and "serves to check only the 'most egregious examples of injustice and unfairness.'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)).

A reviewing court may overturn a prosecutor's rejection of a PTI application only when a defendant "'clearly and convincingly establish[es]' that the decision rejecting [their] application was 'a patent and gross abuse of discretion.'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)). A patent and gross abuse of discretion occurs when "the [PTI] denial '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment.'" Ibid. (quoting State v. Bender, 80 N.J. 84, 93 (1979)).

A-1120-24

A clear error of judgment is a high bar and only occurs when the prosecutor's application of the PTI factors to the facts is "clearly unreasonable so as to shock the judicial conscience," and thus "could not have reasonably been made upon a weighing of the relevant factors." State v. Roth, 95 N.J. 334, 365–66 (1984).

Whether the State based its decision to reject a PTI application on appropriate factors is a question of law. Nwobu, 139 N.J. at 247. Therefore, an appellate court reviews a trial judge's decision in this context de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). "It is sufficient that the prosecutor has a reasonable belief, grounded in reliable information[.]" State v. Maddocks, 80 N.J. 98, 107 (1979).

In its letter denying defendant's PTI application, the State found factors one, two, ten, fourteen, and sixteen of N.J.S.A. 2C:43-12(e) weighed against defendant's admission. Defendant's principal contention is that the prosecutor's description in the indictment of an alleged scheme to target elderly individuals was inaccurate and not supported by the facts. Defendant argues that there is no evidence in the record of a wider conspiracy to target "elderly" victims. The State admits a mistake was made in referring to the most recent victim as elderly, as the record indicates she was only in her forties. Nevertheless, the State asserts

6

defendants matched the descriptions of the perpetrators identified from police bulletins who were connected with prior diversionary thefts, despite the victim in this instance, and victims in some of the other similar thefts, were not elderly.

We conclude sufficient evidence in the record supports the factors relied upon by the Prosecutor in denying defendant's application. The record demonstrates the Prosecutor's decision reasonably relied upon credible information, Nwobu, 139 N.J. at 254, and defendant failed to demonstrate to the trial court that the prosecutor's decision was unfounded by clear and convincing evidence.

In addition, even if the victim here was not elderly, as argued by defendant, we conclude the trial court did not abuse its discretion in denying defendant's application. As the trial court stated:

> [E]ven if the State's rejection letter correctly identified the victim's age[,] I do not find that the State employed a patent and gross abuse of discretion in denying [defendant] entry into the PTI program . . . Regardless of the victim's age in this matter I do find the alleged assistance in a group disabling motor vehicles in order to commit thefts was appropriately considered and weighted under factors one and two by the State.

Sufficient evidence existed in the record that defendant clearly took part in a plan devised to commit theft on unsuspecting victims, which involved staking out locations, slashing their tires, and burglarizing them. The mistake by the

7

Prosecutor's office concerning the age of the victim is insufficient to amount to a gross abuse of discretion when applying the totality of the evidence to the factors of the statute.

We further reject defendant's contention the Prosecutor failed to consider the remaining required statutory factors. In the letter denying defendant's PTI application, the prosecution acknowledged a review of the remaining statutory factors stating:

> The State has considered all of the factors set forth in 2C:43-12 including defendant's age, lack of prior convictions, and whether the services offered by PTI are appropriate for this defendant. The State factored in all information at its disposal prior to concluding that PTI is not warranted in this case.

Although the prosecutor's letter did not explicitly cite to or explain the reasons for not evaluating N.J.S.A. 2C:43-12(e)(3), (4), (5), (6), (7), (8), (9), (11), (12), (15) and (17) to the PTI application, we are satisfied based on a fair reading of the letter, and the prosecutor's reliance on the statutory factors previously cited, that it fully considered all relevant factors. "[U]nless and until a defendant demonstrates [the prosecutor failed to consider the seventeen factors listed in N.J.S.A. 2C:43-12(e)], our judges must presume that all relevant factors were considered and weighed prior to a prosecutorial veto." Lee, 437 N.J. Super. at 562 (first alteration in original) (quoting Bender, 80 N.J. at 94); see also

Nwobu, 139 N.J. at 249 ("the prosecutor 'should note the factors present in defendant's background or the offense purportedly committed which led [the prosecutor] to conclude that admission should be denied.'") (alteration in original) (quoting Sutton, 80 N.J. at 117). Here, defendant failed to rebut this presumption.

To the extent we have not specifically addressed any of defendant's remaining legal arguments, we conclude they are of insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1120-24