**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3305-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSHUA J. GIBSON,

    Defendant-Appellant.

_____

Submitted April 25, 2017 — Decided July 21, 2017

Before Judges Leone and Vernoia.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Indictment No.
14-09-2720.

Weinstock & Associates, LLC, attorneys for
appellant (Oded M. Weinstock, of counsel and
on the brief; Sarah Blumberg-Weinstock, on the
brief).

Damon G. Tyner, Atlantic County Prosecutor,
attorney for respondent (Melinda A.
Harrington, Assistant Prosecutor, of counsel
and on the brief).

PER CURIAM

    Defendant Joshua Gibson pled guilty to third-degree

aggravated assault and received one year of probation.  He appeals

his February 1, 2016 judgment of conviction, challenging the trial court's order denying his appeal from the prosecutor's rejection of his application for pre-trial intervention (PTI). We affirm.

I.

On April 15, 2014, defendant was at the MurMur nightclub at the Borgata Hotel Casino & Spa in Atlantic City with his then-girlfriend. Another patron, Artur Mavashev, allegedly made unwanted advances toward defendant's girlfriend and groped her despite defendant repeatedly telling him to stop. The State alleged that the parties were separated by Borgata security and that a video showed defendant punched Mavashev while a security officer was standing between them. Defendant's blow caused Mavashev to fall backward and hit his head against the wall, rendering him unconscious. Mavashev sustained a fracture of the left temporal lobe and post-traumatic hemorrhagic contusions of the brain resulting in seizures and hearing loss. Defendant admitted striking the victim.

Defendant was charged with third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7). Defendant applied for admission to PTI. The court's PTI director recommended his admission, but his application was denied by the prosecutor's office. Defendant filed a motion appealing the prosecutor's denial to the trial court. Defendant submitted a new statement from his ex-girlfriend,

who claimed Mavashev hit defendant before security arrived. The prosecutor reviewed defendant's motion and the ex-girlfriend's statement, but continued to deny PTI.

After a hearing on December 2, 2015, the trial court rejected defendant's challenge to the prosecutor's denial of PTI. The court found the prosecutor considered defendant's individual circumstances and "all relevant factors at great length," including the circumstances leading to the assault, and defendant's meritorious record in the United States Coast Guard.

Thereafter, defendant entered a guilty plea to third-degree aggravated assault. Under the plea agreement, defendant preserved his right to appeal the denial of his PTI motion. See R. 3:28(g). Defendant now appeals, arguing:

> THE PROSECUTOR'S REJECTION OF DEFENDANT-APPELLANT JOSHUA GIBSON'S APPLICATION TO THE ATLANTIC COUNTY PRE-TRIAL INTERVENTION PROGRAM CONSTITUTED A PATENT AND GROSS ABUSE OF DISCRETION.

II.

The PTI program is governed by N.J.S.A. 2C:43-12 to -22, Rule 3:28, and the Guidelines for Operation of Pretrial Intervention in New Jersey, reprinted after Rule 3:28 in Pressler & Verniero, Current N.J. Court Rules (2017) [hereinafter Guidelines]. "N.J.S.A. 2C:43-12(e) lists seventeen non-exclusive factors to be considered by the criminal division manager and prosecutor in

determining admission into [PTI]." State v. K.S., 220 N.J. 190, 197 (2015). Courts must "presume that a prosecutor considered all relevant factors, absent a demonstration by the defendant to the contrary." State v. Wallace, 146 N.J. 576, 584 (1996).

"Deciding whether to permit diversion to PTI 'is a quintessentially prosecutorial function.'" State v. Waters, 439 N.J. Super. 215, 225 (App. Div. 2015) (quoting Wallace, supra, 146 N.J. at 582). "Prosecutorial discretion in this context is critical for two reasons. First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options." Ibid. (quoting State v. Nwobu, 139 N.J. 236, 246 (1995)). "Accordingly, 'prosecutors are granted broad discretion to determine if a defendant should be diverted' to PTI instead of being prosecuted." Ibid. (quoting K.S., supra, 220 N.J. at 199).

"Thus, the scope of review is severely limited." Ibid. (quoting State v. Negran, 178 N.J. 73, 82 (2003)). "Reviewing courts must accord the prosecutor '"extreme deference."'" Ibid. (quoting Nwobu, supra, 139 N.J. at 246). "[I]nterference by reviewing courts is reserved for those cases where needed 'to check [] the "most egregious examples of injustice and unfairness."'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div.

2014) (alterations in original) (quoting Negran, supra, 178 N.J. at 82), certif. denied, 222 N.J. 18 (2015)).

We review the court's reversal of the prosecutor's decision de novo. Waters, supra, 439 N.J. Super. at 226. Thus, we apply the same standard as the trial court. Ibid. We must hew to that deferential standard. "In order to overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion.'" Ibid. (quoting State v. Watkins, 193 N.J. 507, 520 (2008)).

### III.

The prosecutor initially denied defendant's application for admission into PTI because of "[t]he nature of the offense," "[t]he facts of the case," "[t]he needs and interests of the victim and society," and because "the crime is of an assaultive or violent nature." N.J.S.A. 2C:43-12(e)(1), (2), (7), (10). The prosecutor emphasized that defendant struck Mavashev after security officers had already separated the parties, that defendant caused serious injuries, and that the victim desired prosecution. See N.J.S.A. 2C:43-12(e)(4). Noting the strong need to deter defendant and others, the prosecutor found that "the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution," and that "the harm done to society

by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program." N.J.S.A. 2C:43-12(e)(14), (17).

Moreover, as the prosecutor noted, under the Guidelines "[t]here is a '"presumption against acceptance"' into Pretrial Intervention for defendants who have committed certain categories of offenses." K.S., supra, 220 N.J. at 198 (citation omitted). "[I]f the crime was . . . deliberately committed with violence . . . against another person . . . the defendant's application should generally be rejected." Ibid. (quoting Guideline 3(i)). By striking Mavashev, defendant committed a deliberate violent crime, which resulted in substantial injuries. "If a defendant 'fails to rebut the presumption against diversion,' then '[r]ejection based solely on the nature of the offense is appropriate.'" Waters, supra, 439 N.J. Super. at 227 (alteration in original) (quoting State v. Caliguiri, 158 N.J. 28, 43 (1999)).

"A defendant may rebut the presumption by 'showing compelling reasons justifying the applicant's admission and establishing that a decision against enrollment would be arbitrary and unreasonable.'" Ibid. (quoting Guideline 3(i)). "'[A] defendant must demonstrate something extraordinary or unusual,' not merely 'that the accused is a first-time offender and has admitted or accepted responsibility for the crime.'" Ibid. (quoting Nwobu,

_supra_, 139 _N.J._ at 252). "[T]his is a fact-sensitive analysis that requires consideration of 'idiosyncratic' circumstances demonstrating that denial of PTI has resulted in a 'serious injustice.'" _State v. Roseman_, 221 _N.J._ 611, 624 (2015) (quoting _Nwobu_, _supra_, 139 _N.J._ at 252).

Defendant contends such compelling reasons existed here because he previously served in the United States Coast Guard and received multiple commendations, including an achievement medal for assisting in the rescue after an airliner ditched in the "Miracle on the Hudson." The prosecutor recognized defendant's service and commendations but concluded that such considerations were not so compelling as to overcome the presumption given the statutory factors. "Under these criteria, the interests of society may justify the denial of an application for admission into PTI even though a defendant has led an exemplary life except for the conduct which forms the basis of the pending criminal charges." _State v. Seyler_, 323 _N.J. Super._ 360, 370 (App. Div. 1999), _aff'd_, 163 _N.J._ 69 (2000); _see_ _Nwobu_, _supra_, 139 _N.J._ at 253 (finding "nothing extraordinary or unusual about Nwobu's case," even though "[h]e seems to have led a blameless life until now").

Like the trial court, we are not willing to disturb the prosecutor's assessment that defendant's military record, though impressive, is insufficient to overcome the presumption against

PTI admittance for violent crimes. In any event, "[e]ven if 'extraordinary and unusual' circumstances exist to overcome the presumption against admission into PTI for certain offenses," the "courts may overrule a prosecutor's decision to accept or reject a PTI application only when the circumstances '"clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion."'" Roseman, supra, 221 N.J. at 624-25 (quoting Wallace, supra, 146 N.J. at 582).

> "Ordinarily an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. . . . In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention."
>
> [Wallace, supra, 146 N.J. at 583 (citation omitted).]

Defendant has not demonstrated an abuse of discretion under the first two prongs of the standard laid out in Wallace. As the trial court found, the prosecutor considered the relevant factors, and defendant does not claim the prosecutor's decision was based on irrelevant or inappropriate factors. We must therefore determine whether defendant satisfied the third prong by

demonstrating the prosecutor committed a clear error of judgment. Ibid. Our Supreme Court has defined "a clear error of judgment" as a decision "'"based on appropriate factors and rationally explained," but . . . "contrary to the predominant views of others responsible for the administration of criminal justice."'" State v. Baynes, 148 N.J. 434, 444 (1997) (quoting Nwobu, supra, 139 N.J. at 253). We are particularly hesitant to find that a prosecutor's determination was a clear error of judgment. State v. Maddocks, 80 N.J. 98, 105 (1979).

Defendant asserts the prosecutor improperly weighed the facts of the case, N.J.S.A. 2C:43-12(e)(2), by failing to consider the circumstances leading up to defendant's assault on Mavashev. However, it is apparent from the prosecutor's PTI rejection memorandum, and the prosecutor's comments during oral argument, that the prosecutor considered defendant's claim that Mavashev had made persistent unwarranted sexual advances to defendant's then-girlfriend. Defendant argues the prosecutor ignored his ex-girlfriend's statement submitted with his motion to the trial court. However, the prosecutor's second letter specifically said

the prosecutor had reviewed the materials submitted with the motion.[1]

Defendant next argues the prosecutor should have discounted Mavashev's desire for prosecution. However, whether the victim "desire[s] . . . to forego prosecution" is a relevant inquiry. N.J.S.A. 2C:43-12(e)(4). Defendant alleges Mavashev may have withheld consent to PTI as leverage for the harassment charge he faced from his conduct toward defendant's ex-girlfriend the night of the incident. Defendant further alleges Mavashev refused to consent because of possible ramifications to his subsequent civil suit against defendant and others. However, defendant submitted no evidence supporting those allegations, and the victim's subsequent actions were irrelevant to the prosecutor's decision. In any event, "[v]ictim consent is an appropriate factor to consider under Guideline 3 and N.J.S.A. 2C:43-12(e)(4)" even if based on personal reasons. State v. Imbriani, 291 N.J. Super. 171, 180 (App. Div. 1996). Given the severity of Mavashev's injuries, the prosecutor did not place undue weight on Mavashev's desire for prosecution.

---

[1] The prosecutor was not required to change position based on these materials. "A prosecutor is certainly free to disbelieve statements presented by defense witnesses and to instead credit the anticipated contrary testimony of the State's witnesses." Lee, supra, 437 N.J. Super. at 568.

Finally, defendant contends the prosecutor improperly weighed "[t]he needs and interests of the victim and society," and "the harm done to society by abandoning criminal prosecution," N.J.S.A. 2C:43-12(e)(7), (17), without elaborating on how each applied. A prosecutor must provide a statement of reasons justifying a decision to reject the defendant for PTI, and that statement should demonstrate that the prosecutor has carefully considered the facts and relevant law, as opposed to simply reciting the statutes, rules, or guidelines. Wallace, supra, 146 N.J. at 584. While the prosecutor's explanation of factors (7) and (17) was cursory, prohibiting violent physical altercations is clearly in society's interest, as the trial court recognized. Further discussion of this societal interest was not required.

The prosecutor was not required to reach a different balance because defendant wants to serve in law enforcement in the future. Moreover, the statute, rule, and Guidelines "clearly intended to leave the weighing process to the prosecutor." Waters, supra, 439 N.J. Super. at 234 (quoting Wallace, supra, 146 N.J. at 585-86).

In any event, defendant cannot meet the standard for a patent and gross abuse of discretion because the prosecutor's decision did not "'clearly subvert the goals underlying Pretrial Intervention.'" Wallace, supra, 146 N.J. at 583 (citation omitted). Granting defendant PTI would not necessarily serve all

11

the goals of PTI set forth in N.J.S.A. 2C:43-12(a)(1)-(5). Cf. Baynes, supra, 148 N.J. at 451. This was not a "'victimless' offense[]," but rather a violent assault arguably involving "serious criminality." N.J.S.A. 2C:43-12(a)(3), (4). Nor was the prosecutor required to find that PTI would be sufficient to deter defendant from future criminal behavior. See N.J.S.A. 2C:43-12(a)(1), (2), (5). We cannot say the prosecutor's decision subverted the goals of PTI.

"The question is not whether we agree or disagree with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." Nwobu, supra, 139 N.J. at 254. As in Nwobu, "[w]e cannot say that such a decision could not have been reasonably made in this setting." Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION