**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4846-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DASHAWN V. MORRIS,

     Defendant-Appellant.

_____

       Submitted April 9, 2019 – Decided April 22, 2019

       Before Judges Suter and Geiger.

       On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-01-0107.

       Joseph E. Krakora, Public Defender, attorney for appellant (Michele Erica Friedman, Assistant Deputy Public Defender, of counsel and on the brief).

       Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Emily M. M. Pirro, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant DaShawn Morris appeals from his judgment of conviction, arguing the trial court erred when it upheld the prosecutor's rejection of his application for pre-trial intervention (PTI). We affirm.

The prosecutor's rejection letter alleged the following facts. On September 19, 2016, T.S.[1] was on her way to pick up her son from school when she saw defendant, the father of her son, driving down the street with their son in his car. T.S. flagged defendant down to ask about their son. Defendant became angry, exited the car, and punched T.S. in the face. Defendant yelled, "Don't fucking question me!" and "I am going to fucking kill you!" T.S. attempted to escape, however, defendant chased and caught her and punched her in the face again. Defendant also allegedly choked T.S. Eventually, defendant released T.S. and she was able to remove their son from defendant's car. T.S. suffered serious facial injuries as a result of defendant's attack, including a fractured orbital socket, a fractured nose, and a fractured cheekbone.

Defendant left the scene before the police arrived, but was subsequently arrested. An Essex County Grand Jury charged defendant with second-degree aggravated assault as a crime of domestic violence, N.J.S.A. 2C:12-1(b)(1) and N.J.S.A. 2C:25-19, (count one); third-degree terroristic threats as a crime of

---

[1] We refer to the victim by initials to protect her privacy.

domestic violence, N.J.S.A. 2C:12-3(a) and N.J.S.A. 2C:25-19, (count two); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(2), (count three).

Defendant applied for admission to PTI. Both the PTI Program Director and the prosecutor denied the application. Defendant filed a motion challenging the prosecutor's denial. Following oral argument, the trial court denied defendant's appeal from that decision, finding the prosecutor had not abused her discretion or considered any factor that should not have been considered and gave defendant the benefit of all potentially applicable mitigating factors.

Following the trial court's denial of his appeal from the rejection of his PTI application, defendant accepted the State's plea offer, and pleaded guilty to third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2), in exchange for a recommendation of non-custodial probation and dismissal of the other charges. During his plea colloquy, defendant admitted to causing T.S. serious injury when he punched her in the face; he also admitted it was his intention to cause her injury. The court sentenced defendant to one year of non-custodial probation and dismissed the remaining charges.

Defendant appeals the denial of his PTI motion. Defendant argues: (1) the prosecutor's rejection of his PTI application constitutes a patent and gross

abuse of discretion warranting reversal and (2) his judgment of conviction must be amended to reflect the third-degree offense he pleaded guilty to.

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)).  N.J.S.A. 2C:43-12 to -22, Rule 3:28, and the Guidelines for Operation of Pretrial Intervention in New Jersey (Guidelines) set out the criteria for admission and procedures for review of PTI applications.[2]  "Rule 3:28 provides the administrative framework for the program," and "N.J.S.A. 2C:43-12(e) lists seventeen non-exclusive factors to be considered by the criminal division manager and prosecutor in determining admission into [PTI]."  State v. K.S., 220 N.J. 190, 197 (2015).

"[T]he PTI Guidelines provide several statutory presumptions against PTI when defendants have committed certain offenses."  Roseman, 221 N.J. at 622. For example, "[i]f the crime was . . . deliberately committed with violence or threat of violence against another person . . . the defendant's application should

---

[2] Effective July 1, 2018, the Guidelines and Rule 3:28 were replaced with Rules 3:28-1 to -10.  However, defendant's application was governed by the pre-revision version of the rule and Guidelines.  N.J.S.A. 2C:43-12 to -22 remains unchanged.

A-4846-17T1

generally be rejected." K.S., 220 N.J. at 198 (alterations in original) (quoting Pressler and Verniero, Current N.J. Court Rules, Guideline 3(i) on R. 3:28 at 1169 (2015)). "Similarly, Guideline 3(i) identifies a presumption against PTI for any first- or second-degree crime . . . ." Roseman, 221 N.J. at 622 (quoting Pressler and Verniero, Guideline 3(i) on R. 3:28 at 1169 (2015)).

"Presumptions against PTI reflect an assumption that certain defendants 'have committed crimes that are, by their very nature, serious or heinous and with respect to which the benefits of diversion are presumptively unavailable.'" Roseman, 221 N.J. at 622 (quoting State v. Watkins, 193 N.J. 507, 523 (2008)). While presumptions against PTI can be overcome, to do so the defendant must demonstrate "compelling reasons" that justify admission and show "a decision against enrollment would be arbitrary and unreasonable." Ibid. (quoting Pressler and Verniero, Guideline 3(i) on R. 3:28 at 1171 (2015)). The defendant must also show there is "something extraordinary or unusual" about his or her background. Id. at 622-23 (quoting Nwobu, 139 N.J. at 252-53).

"[T]he interests of society may justify the denial of an application for admission into PTI even though a defendant has led an exemplary life except for the conduct which forms the basis of the pending criminal charges." State v. Seyler, 323 N.J. Super. 360, 370 (App. Div. 1999), aff'd o.b., 163 N.J. 69 (2000).

A-4846-17T1

As such, merely being "a first-time offender" who "admitted or accepted responsibility for the crime" is not enough. State v. Waters, 439 N.J. Super. 215, 227 (App. Div. 2015) (quoting Nwobu, 139 N.J. at 252). "If a defendant 'fails to rebut the presumption against diversion,' then '[r]ejection based solely on the nature of the offense is appropriate.'" Ibid. (alteration in original) (quoting State v. Caliguiri, 158 N.J. 28, 43 (1999)).

"[T]he decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" Roseman, 221 N.J. at 624 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). "As a result, the prosecutor's decision to accept or reject a defendant's PTI application is entitled to a great deal of deference," ibid. (citing State v. Leonardis, 73 N.J. 360, 381 (1977)), and our "scope of review is severely limited," Waters, 439 N.J. Super at 225 (quoting State v. Negran, 178 N.J. 73, 82 (2003)).

"[T]o overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion.'" Waters, 439 N.J. Super. at 226 (quoting Watkins, 193 N.J. at 520). For an "abuse of discretion to rise to the level of 'patent and gross,'" the defendant must demonstrate the prosecutor's decision to deny admission "will clearly subvert the goals" of PTI. Roseman, 221 N.J. at 625

(quoting State v. Bender, 80 N.J. 84, 93 (1979)). We will interfere with a prosecutor's decision only in "the most egregious examples of injustice and unfairness." Waters, 439 N.J. Super at 226 (quoting State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014)).

"A prosecutor is required to provide a criminal defendant with a statement of reasons justifying his or her PTI decision, and the statement of reasons must demonstrate that the prosecutor has carefully considered the facts in light of the relevant law." Wallace, 146 N.J. at 584. We assume the "prosecutor considered all relevant factors, absent a demonstration by the defendant to the contrary," and we limit our scrutiny "to the justification contained in the statement of reasons" because the "defendant cannot 'compel the prosecutor to take the stand,' either literally or figuratively, in the process of challenging his or her PTI rejection decision." Ibid. (quoting Bender, 80 N.J. at 94).

The prosecutor denied defendant's application for admission into PTI for a number of reasons. Defendant was charged with second-degree offenses, which carry a presumption against admission into PTI. The prosecutor also found denial was supported by "[t]he nature of the offense;" "[t]he facts of the case;" "[t]he needs and interests of the victim and society;" "the extent to which [defendant] may present a substantial danger to others;" "the crime [was] of an

A-4846-17T1

assaultive or violent nature;" "the public need for prosecution" outweighed "the value of supervisory treatment;" and "the harm done . . . by abandoning criminal prosecution . . . outweigh[ed]" any societal benefits from allowing PTI. N.J.S.A. 2C:43-12(e)(1), (2), (3), (7), (9), (10), (14), (17).

Defendant argues "the prosecutor accorded excessive weight to the underlying criminal episode itself," and allowed defendant's charges "to eclipse a meaningful, individualized assessment of his application." We disagree.

It can hardly be said the prosecutor's rejection of defendant's PTI application represents a patent and gross abuse of discretion that constitutes an egregious example of injustice and unfairness. The prosecutor properly recognized the presumption against PTI for second-degree offenses. See e.g., Roseman, 221 N.J. at 623 (noting defendant must demonstrate "truly extraordinary and unanticipated circumstances" to overcome the presumption of incarceration for second-degree offenses (quoting Nwobu, 139 N.J. at 252)). The prosecutor properly considered the "brutal nature" of this violent domestic assault where the victim was "severely injured." This was anything but a "victimless" crime. N.J.S.A. 2C:43-12(a)(3). Thus, denying defendant admission does not subvert the goals of PTI.

A-4846-17T1

Defendant also submits the prosecutor's decision, at minimum, requires a remand for reconsideration. We are unpersuaded by this argument.

A reviewing court may "vacate a PTI rejection and remand to the prosecutor for reconsideration" if it "finds that 'the prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross abuse'" and "a remand will serve a useful purpose." Wallace, 146 N.J. at 583 (quoting State v. Dalglish, 86 N.J. 503, 509 (1981)). "Remand is the proper remedy when, for example, the prosecutor considers inappropriate factors, or fails to consider relevant factors." K.S., 220 N.J. at 200.

A remand would serve no useful purpose. The prosecutor's eight-page, single-spaced statement of reasons addressed each of the statutory factors. "The question is not whether we agree or disagree with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." Nwobu, 139 N.J. at 254. A prosecutor is permitted to treat domestic violence matters seriously.[3] Wallace, 146 N.J. at 589-90. We discern no abuse of discretion by the prosecutor.

---

[3] Even under the current Rules, there would be a presumption against admission into PTI because defendant was "charged with a[] crime or offense involving domestic violence, as defined in N.J.S.A. 2C:25-19." R. 3:28-1(e)(2).

Last, the judgment of conviction incorrectly states defendant pleaded guilty to second-degree aggravated assault. We are constrained to remand for the limited purpose of entry of an amended judgment of conviction reflecting the defendant's plea to third-degree aggravated assault.

Affirmed and remanded for entry of a corrected judgment of conviction. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4846-17T1