# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0893-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RUSSELL LUKASIAK,

     Defendant-Appellant.

_____

        Argued September 23, 2019 – Decided December 4, 2019

        Before Judges Fasciale and Moynihan.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 18-01-0074.

        Keith G. Oliver argued the cause for appellant (Proetta, Oliver & Fay, attorneys; Keith G. Oliver on the brief).

        Monica Lucinda do Outeiro, Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney; Monica Lucinda do Outeiro, of counsel and on the brief).

PER CURIAM

Defendant Russell Lukasiak appeals from the trial court's denial of his request from pretrial intervention (PTI). On appeal, he argues:

POINT I

THE TRIAL COURT ERRED BY DENYING [DEFENDANT] ADMISSION TO [PTI] BECAUSE HE HAS SHOWN THE PROSECUTOR ABUSED THEIR DISCRETION IN DENYING HIS ADMISSION TO [PTI].

POINT II

THE TRIAL COURT ERRED BY NOT REMANDING THE CASE TO THE [PROSECUTOR] FOR RECONSIDERATION.

POINT III

THE TRIAL COURT ERRED BY NOT CONSIDERING ALL THE FACTORS SET FORTH IN N.J.S.A. 2C:43-12(e) WHEN DECIDING WHETHER TO ADMIT [DEFENDANT] TO [PTI].

A. THE TRIAL COURT ERRED BY NOT CONSIDERING FACTOR ONE, THE NATURE OF THE OFFENSE, AND FACTOR TWO, THE FACTS OF THE CAS[E].

B. THE TRIAL COURT ERRED BY NOT CONSIDERING FACTOR THREE, THE MOTIVATION AND AGE OF . . . DEFENDANT.

C. THE TRIAL COURT ERRED BY FAILING TO CONSIDER FACTOR FOUR, THE DESIRE OF THE COMPLAINANT OR VICTIM TO FOREGO PROSECUTION.

2

D. THE TRIAL COURT ERRED BY NOT CONSIDERING FACTOR FIVE, THE EXISTENCE OF PERSONAL PROBLEMS AND CHARACTER TRAITS WHICH MAY BE RELATED TO THE APPLICANT'S CRIME AND FOR WHICH SERVICES ARE UNAVAILABLE WITHIN THE CRIMINAL JUSTICE SYSTEM, OR WHICH MAY BE PROVIDED MORE EFFECTIVELY THROUGH SUPERVISORY TREATMENT AND THE PROBABILITY THAT THE CAUSES OF CRIMINAL BEHAVIOR CAN BE CONTROLLED BY PROPER TREATMENT, AND FACTOR SIX, THE LIKELIHOOD THAT THE APPLICANT'S CRIME IS RELATED TO A CONDITION OR SITUATION THAT WOULD BE CONDUCIVE TO CHANGE THROUGH HIS PARTICIPATION IN SUPERVISORY TREATMENT.

E. THE TRIAL COURT ERRED BY FAILING TO CONSIDER FACTOR SEVEN THE NEEDS AND INTERESTS OF THE VICTIM AND SOCIETY, FACTOR EIGHT, THE EXTENT TO WHICH THE APPLICANT'S CRIME CONSTITUTES PART OF A CONTINUING PATTERN OF ANTI-SOCIAL BEHAVIOR, AND FACTOR NINE, THE APPLICANT'S RECORD OF CRIMINAL AND PENAL VIOLATIONS AND THE EXTENT TO WHICH HE MAY PRESENT A SUBSTANTIAL DANGER TO OTHERS.

F. THE TRIAL COURT ERRED BY FAILING TO CONSIDER FACTOR TEN, WHETHER OR NOT THE CRIME IS OF AN ASSAULTIVE OR VIOLENT NATURE, WHETHER IN THE CRIMINAL ACT ITSELF OR IN THE POSSIBLE INJURIOUS CONSEQUENCES OF SUCH BEHAVIOR.

A-0893-18T3

G. THE TRIAL COURT ERRED BY FAILING TO CONSIDER FACTOR ELEVEN, CONSIDERATION OF WHETHER OR NOT PROSECUTION WOULD EXACERBATE THE SOCIAL PROBLEM THAT LED TO THE APPLICANT'S CRIMINAL ACT, FACTOR TWELVE, THE HISTORY OF THE USE OF PHYSICAL VIOLENCE TOWARD OTHERS, AND FACTOR THIRTEEN, ANY INVOLVEMENT OF THE APPLICANT WITH ORGANIZED CRIME.

H. THE TRIAL COURT ERRED BY FAILING TO CONSIDER FACTOR FOURTEEN, WHETHER OR NOT THE CRIME IS OF SUCH A NATURE THAT THE VALUE OF SUPERVISORY TREATMENT WOULD BE OUTWEIGHED BY THE PUBLIC NEED FOR PROSECUTION, FACTOR FIFTEEN, WHETHER OR NOT THE APPLICANT'S INVOLVEMENT WITH OTHER PEOPLE IN THE CRIME CHARGED OR IN OTHER CRIME IS SUCH THAT THE INTEREST OF THE STATE WOULD BE BEST SERVED BY PROCESSING HIS CASE THROUGH TRADITIONAL CRIMINAL JUSTICE SYSTEM PROCEDURES, AND FACTOR SIXTEEN, WHETHER OR NOT THE APPLICANT'S PARTICIPATION IN PRETRIAL INTERVENTION WILL ADVERSELY AFFECT THE PROSECUTION OF CODEFENDANTS.

I. THE TRIAL COURT ERRED BY NOT CONSIDERING FACTOR SEVENTEEN, WHETHER OR NOT THE HARM DONE TO SOCIETY BY ABANDONING CRIMINAL PROSECUTION WOULD OUTWEIGH THE BENEFITS TO SOCIETY FROM CHANNELING AN OFFENDER INTO A SUPERVISORY TREATMENT PROGRAM.

A-0893-18T3

Because defendant failed to show the prosecutor's rejection of his PTI application represented a patent and gross abuse of discretion, or a remand was required because of an abuse of discretion, we affirm.

Defendant was indicted for third-degree criminal restraint, N.J.S.A. 2C:13-2(a) (count one), first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1) (count two) and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1) (count three). The victim, O.P., was a ten-year-old relative of defendant's wife, who defendant assaulted in his home when she was under his care.[1] Pursuant to a plea agreement, defendant pleaded guilty to third-degree criminal restraint; the other two charges were dismissed. Defendant was sentenced to a probationary term which included compliance with Megan's Law. See N.J.S.A. 2C:7-1 to -23.

Defendant applied for PTI after he entered the guilty plea.[2] Although a probation officer who interviewed defendant, designated as a "PTI investigator"

---

[1] We use the victim's initials to protect her privacy. See N.J.S.A. 2A:82-46(a).

[2] We note the application was made outside the time constraints of Rule 3:28(h) that, notwithstanding the broader parameters set forth in N.J.S.A. 2C:43-12(e), requires the application to be made "no later than twenty-eight days after indictment." The record is insufficient for us to determine if the prosecutor "complete[d] a review of the application and inform[ed] the court and defendant

(continued)

A-0893-18T3

by the trial court, recommended that defendant be "cautiously accepted," forty-seven days after the date of the PTI investigator's report, an assistant prosecutor authored a memorandum to the Monmouth County Prosecutor stating "the State is rejecting [defendant's] application into the PTI program."[3]

In the rejection memorandum, the prosecutor cited to five specific statutory criteria: (1) the nature of the offense; (2) the facts of the case; (3) the motivation and age of the defendant; (4) the desire of the complainant or victim to forego prosecution; and (10) whether or not the crime was of an assaultive nature or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior.[4] N.J.S.A. 2C:43-12(e)(1), (2), (3), (4), and (10). In considering the first and second criteria, the prosecutor focused on defendant's charge and guilty plea to third-degree criminal restraint, "a violent

---

within fourteen days of the receipt of the criminal division manager's recommendation" in compliance with the same Rule. R. 3:28(h).

[3] We similarly point out that the record is barren of the prosecutor's approval of the position taken by the assistant prosecutor or any authorization for the assistant prosecutor to copy the memorandum to the court and defendant, as she did, ostensibly rejecting defendant's PTI application. See N.J.S.A. 2C:43-12(c), (e); R. 3:28(h) (providing review and recommendation is to be made by the prosecutor).

[4] As confirmed by the State at oral argument, the rejection memorandum mistakenly designated factor ten as factor nine.

offense in which the [ten]-year-old victim was exposed to the risk of serious bodily injury by . . . defendant, a trusted family member, who was supervising the child at the time." As to the third criterion, although considering defendant's advanced age, the "substantial number of character reference letters" submitted in support of his application, as well as his "strong desire to enter into the PTI program," the prosecutor concluded,

> defendant maintains that the allegations against him are false, and he said [to the PTI investigator] that he "would never do such a thing." Since . . . defendant refuses to accept any wrongdoing on his part, it does not appear that he is amenable to correcting his behavior, thereby lacking motivation to successfully complete the [PTI] program.

O.P. opposed defendant's PTI admission, to which, in considering the fourth criterion, the prosecutor gave "great weight under the circumstances." The resultant injurious consequences of defendant's behavior, in view of the assaultive or violent nature of the crime—the tenth statutory criterion—included the emotional injuries to O.P., who: "reported experiencing suicidal thoughts, depression, [post-traumatic stress disorder] and experienced a mental breakdown after testifying in front of the Grand Jury"; was "so fearful of . . . defendant that she is now staying with a friend instead of her family because of

A-0893-18T3

her fear that . . . defendant knows where she lives"; and "enrolled in weekly counseling."

The memorandum continued:

> Having considered the totality of the PTI investigator's report, including factors that weigh in favor of . . . defendant's admission into PTI (i.e., his lack of criminal history, his desire to enter the program, the large amount of reference letters) given the serious nature of the offense, his denial of wrongdoing and the victim's objection, the State is rejecting his application into the PTI program.

The trial court denied defendant's appeal of the prosecutor's rejection, finding the prosecutor "considered the relevant factors in determining whether to admit . . . defendant into" PTI and, deferring to the prosecutor's discretion in weighing those factors,[5] concluded the prosecutor's decision was neither a patent and gross abuse of discretion, nor was there "anything arbitrary, capricious or unreasonable about the [prosecutor's] determination[.]"

Inasmuch as the decision to permit a defendant's diversion to PTI "is a quintessentially prosecutorial function," State v. Wallace, 146 N.J. 576, 582 (1996), our scope of review of a PTI rejection is "severely limited," State v.

---

[5]  N.J.S.A. 2C:43-12(e) lists the seventeen, non-exclusive criteria prosecutors are to "consider in formulating their recommendation of an applicant's participation" in PTI.

A-0893-18T3

Negran, 178 N.J. 73, 82 (2003). "Prosecutorial discretion in this context is critical for two reasons. First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options." State v. Nwobu, 139 N.J. 236, 246 (1995). Accordingly, courts give prosecutors "broad discretion" in determining whether to divert a defendant into PTI. State v. K.S., 220 N.J. 190, 199 (2015). We, therefore, give PTI decisions "enhanced deference[.]" State v. Brooks, 175 N.J. 215, 225 (2002).

> The prosecutor's discretion is not unbridled, however. If a defendant can "clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion," a reviewing court may overrule the prosecutor and order a defendant admitted to PTI. A "patent and gross abuse of discretion" is more than just an abuse of discretion as traditionally conceived; it is a prosecutorial decision that "has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." In State v. Bender, 80 N.J. 84 (1979), we elaborated on the patent and gross abuse of discretion standard:
>
> > Ordinarily an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. . . .

9

> In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI].
>
> [Id. at [93] (citation omitted).]

> [Wallace, 146 N.J. at 582-83 (citation omitted) (first quoting State v. Leonardis, 73 N.J. 360, 382 (1977); then quoting State v. Ridgway, 208 N.J. Super. 118, 130 (Law Div. 1985)).]

Defendant has failed to meet his burden. Obviously, the prosecutor considered the criteria delineated in the memorandum. Contrary to defendant's contention that the prosecutor "placed all the weight on the allegations of sexual assault," neither the endangering nor the aggravated sexual assault counts were mentioned in the rejection memorandum; only the criminal restraint charge was considered.

Further, the weight assigned to the five mentioned factors was not arbitrary, irrational or otherwise an abuse of discretion, much less a patent and gross abuse. Despite defendant's claim that he "was seeking to calm down a ten[-]year[-]old child who was in the middle of a meltdown," and that his "actions were committed in the heat of the moment" without "any malicious intent," he pleaded guilty to criminal restraint. That is, he admitted the nature of the offense and the facts of the case, see N.J.S.A. 2C:43-12(e)(1) and (2),

included his knowing restraint of O.P., "unlawfully in circumstances exposing [her] to risk of serious bodily injury[,]"[6] N.J.S.A. 2C:13-2(a). Moreover, the crime was a sex offense, N.J.S.A. 2C:7-2(b)(2), requiring registration under Megan's Law, N.J.S.A. 2C:7-2(a)(1).

As to the third criterion, the prosecutor considered defendant's age. And the prosecutor's determination that defendant denied the allegations is buttressed by the PTI investigator's report documenting her interview with defendant: "[h]e maintains that the allegations against him are false and stated that he 'would never do such a thing.'" Defendant contends he is amenable to correcting his behavior as evidenced by his semiweekly therapy to address his anxiety and depression. He points to two reports, one from the licensed professional counselor (LCP) who assessed defendant on March 26; the other from the psychologist who examined defendant on March 19, 2018. The reports, prepared after his interview with the PTI investigator on March 8, 2018, were obviously not included with defendant's PTI application, and there is no record proof of them being forwarded to the prosecutor. Even if they were, we discern no evidence in the reports pertinent to the statutory PTI factors.

---

[6] The plea transcript is not included in the appeal record, but defendant does not allege the factual basis to his plea did not include these statutory elements.

A-0893-18T3

The LCP's report mentions defendant and the counselor "continue to address cognitive distortions related to depression and are processing effective [cognitive behavioral therapy] techniques," and that defendant "appears to be making progress in treatment and is practicing coping skills to alleviate symptoms of depression." Nothing in the report is relevant to defendant's motivation, other than the self-serving impetus he currently advances in his merits brief: to "overcome" the "considerable stress" and resulting "depression and anxiety" he says were engendered from "[t]he incident" and to obtain the "benefit from the treatment services" through PTI. Although defendant avers in his merits brief that "it is clear the treatments available through [PTI] would be benefication (sic)" to him and that he "understands he made a mistake and is actively seeking treatment," none of the treatment he has undertaken is related to the cause of his crime, only the impact his prosecution has had on him. He also states that he "is further motivated to succeed in the program so he is not labeled as a convicted felon and forced to register as a sex offender under Megan's Law" and is also motivated "to complete [PTI] and work on rebuilding his name and reputation."

Additionally, even though the psychologist determined defendant posed "a very low risk to the community sexually," he recommended defendant, as a

12

precaution, "not have unsupervised access with young girls," and further stated that defendant would "benefit from therapy to guide him in achieving a positive adjustment and in managing his emotional distress."

As such, the reports are not relevant to the fifth, sixth, eleventh, fourteenth and seventeenth statutory factors which were not expressly mentioned in the rejection memorandum. Neither report evidences any treatment or plan for defendant to address his criminal behavior. Nor are the reports or defendant's treatment relevant to the seventh factor which defendant argues was ignored by the prosecutor. Tellingly, defendant argues the prosecutor failed to consider criterion seven—"[t]he needs and interests of the victim and society[,]" N.J.S.A. 2C:43-12(e)(7)—because the "needs and interests of society would be better served by not saddling [defendant] with a criminal record and forcing him to register under Megan's Law for the rest of his life." His focus on returning to coaching and mentoring young men and women is not relevant to the needs and interests of the victim and society, especially for a defendant who admitted to a sex offense that exposed the victim to serious bodily injury—a crime defendant contends was only "technically assaultive[.]"

The prosecutor considered that defendant had no prior record. The charges do not involve any codefendants. Thus, criteria eight, nine, twelve, thirteen, fifteen and sixteen are irrelevant.

We determine the balance of defendant's arguments, including his contention that the victim's mother stated she would not be averse to his admission to PTI if he "paid $40,000 in moving and therapy expenses" and, as such, the victim's desire whether to forego prosecution should be afforded little weight, to be without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

We discern no "clear error of judgment" that would warrant a court order enrolling defendant in PTI. State v. Lopes, 289 N.J. Super. 460, 475 (Law. Div. 1995) (quoting Nwobu, 139 N.J. at 247). The prosecutor did not "fail[] to consider all relevant factors or consider[] irrelevant factors[.]" Ibid. (quoting Nwobu, 139 N.J. at 247). This is not one of those cases where the prosecutor's consideration or weighing process requires judicial interference "to check [] the 'most egregious examples of injustice and unfairness.'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (alteration in original) (quoting Negran, 178 N.J. at 82). The denial of defendant's PTI application was neither a patent and gross abuse of discretion, nor an abuse of discretion requiring a remand.

A-0893-18T3

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0893-18T3